Larry D. LAWRENCE, Sr., Natural Father of Larry D. Lawrence, Jr., Deceased, Appellant,

v.

The CITY OF WICHITA FALLS and Wichita County Water Improvement District No. 2, Appellees.

No. 2–94–155–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 10, 1995.

Rehearing Overruled Oct. 5, 1995.

James Rasmussen, Rasmussen Law Office, Wichita Falls, for appellant.

Gregory D. Humbach, City Atty., Wichita Falls, for appellees.

Before CAYCE, C.J., LIVINGSTON, J., and PATRICE M. BARRON (Assigned), JJ.

OPINION

PATRICE M. BARRON, Justice (Assigned).

This is an appeal from a summary judgment based on governmental immunity in a wrongful death and survival action against the City of Wichita Falls (the "City") and Wichita County Water Improvement District Number Two (the "District"). As to the City, the summary judgment is reversed and remanded; as to the District, the summary judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Larry D. Lawrence, Sr., individually and on behalf of the Estate of Larry D. Lawrence, Jr. ("appellant"), sued the City and the District to recover damages for the drowning of his three-year-old son. The child allegedly drowned after falling into a well-like, concrete structure called a siphon, which is part of a lake and irrigation canal jointly owned by the City and the District. The canal system, including the siphon, was constructed in the 1920s and has not been modified since that time.

Liability is predicated under the Texas Tort Claims Act (the "Act") for: (a) premise defect;[1] and (b) negligence.[2] Alternatively, liability is claimed at common law on theories of negligence (for attractive nuisance) and gross negligence. Specifically, appellant complains: 1) about the lack of fencing around or over the structure to prevent persons from falling in; 2) about the lack of a means of exit, such as bars, ladders, stairs, or rope, for persons who might fall into the structure; and 3) that water, debris, and other tangible personal property was allowed to accumulate inside the structure, thereby endangering anyone who might fall in.

The City and the District filed a joint motion for summary judgment asserting governmental immunity under sections 101.059 and 101.061 of the Act.[3] A "final summary judgment" was granted solely under those specific provisions, which exclude from the Act's application claims based on attractive nuisance (section 101.059) and claims based on an act or omission occurring before 1970 (section 101.061).

## II. STANDARD OF REVIEW

■ When reviewing a summary judgment on appeal, the issue is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.

R.CIV.P. 166a(c); *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993). The burden of proof is on the movant, *Acker v. Texas Water Commission*, 790 S.W.2d 299, 301–02 (Tex. 1990), against whom all doubts are resolved. *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *Runyan v. Mullins*, 864 S.W.2d 785, 788 (Tex.App.—Fort Worth 1993, writ denied).

■ Summary judgment practice is to eliminate patently unmeritorious claims. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). Summary judgment for the defendant is proper if it conclusively establishes all elements of an affirmative defense—such as governmental immunity—as a matter of law. *Poncar v. City of Mission*, 797 S.W.2d 236, 239 (Tex.App.—Corpus Christi 1990, no writ); *Shives v. State*, 743 S.W.2d 714, 715 (Tex.App.—El Paso 1987, writ denied). When reviewing a summary judgment granted on specific grounds, the summary judgment can only be affirmed if the theory relied upon by the trial court is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993).

## III. ANALYSIS

### A. DOES IMMUNITY BAR SUIT?: IT DEPENDS ON THE APPLICABLE LAW

**1.** *Common Law: Governmental/Proprietary Distinction for Municipalities*

■ Historically, under the common-law doctrine of sovereign immunity, municipalities were immune from liability as agents of the State. The judiciary created exceptions to blanket immunity where it classified any part of the particular function in issue as proprietary. Only municipalities could be liable in the performance of "proprietary" functions; all other governmental units, such as irrigation districts, performed "governmental" functions exclusively and thus could not be liable in tort. *Turvey v. City of Houston*, 602 S.W.2d 517, 518 (Tex.1980);

---

**1.** TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.021(2), 101.022(a) (Vernon 1986).

**2.** TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986).

**3.** TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.059, 101.061 (Vernon 1986).

*Smith v. Harris County–Houston Ship Channel Navigation Dist.*, 330 S.W.2d 672, 674 (Tex.Civ.App.—Fort Worth 1959, no writ). "Proprietary" functions are voluntarily assumed activities primarily benefiting those within the corporate boundaries, as opposed to those activities considered "governmental" which benefit the public as a whole. *City of Gladewater v. Pike*, 727 S.W.2d 514, 519 (Tex.1987); *Dilley v. City of Houston*, 148 Tex. 191, 222 S.W.2d 992, 993 (1949); Christopher D. Jones, *Texas Municipal Liability: An Examination of the State and Federal Causes of Action*, 40 BAYLOR L.REV. 595 (1988).

### 2. The Texas Tort Claims Act

In 1970 the Texas legislature enacted the Texas Tort Claims Act, codifying certain functions as governmental for which a claimant could recover damages up to a specific maximum monetary amount. Claimants retained their common-law causes of action against a municipality for unlimited damages for injuries caused in the performance of a municipality's proprietary functions. In 1987, the Act was amended to reclassify almost all municipal functions as governmental, thereby placing monetary liability limits on most municipal functions.

### B. HOW TO DECIDE WHICH LAW APPLIES: IF THE CLAIM FALLS WITHIN THE ACT, IS IT OTHERWISE EXCLUDED?

### 1. Suit Filed After September 1, 1987

Under the 1987 amendments to the Act, all suits filed on or after its effective date— September 2, 1987—are governed by the amended version of the Act. Act approved June 16, 1987, 70th Leg., 1st C.S., ch. 2, § 4.05, 1987 Tex.Gen.Laws, 37, 51. Since this lawsuit was filed in January of 1988, the 1987 version of the Act appears at first glance to apply in this case.

### 2. Exclusions

Numerous "Exclusions and Exceptions" from the Act's application can be found in sections 101.059–101.063 of the Texas Civil Practice and Remedies Code.

### a. Claim based on pre–1970 act or omission

■ Section 101.061 of the 1987 Act provides: "This chapter does not apply to a claim based on an act or omission that occurred before January 1, 1970" (*i.e.,* the date the Act was first enacted).[4] Thus, if the claim is based on a pre–1970 act or omission, the common law—not the Act—governs. Undoubtedly, this is because it would be unfair to expose a governmental entity to liability under the Act (*i.e.,* post–1970) for acts or omissions for which it had previously been immune at common law. *Chapman v. City of Houston*, 839 S.W.2d 95, 99 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *Tarrant County Water Control and Improvement Dist. v. Crossland*, 781 S.W.2d 427, 432 (Tex.App.—Fort Worth 1989, writ denied).

### b. Claims for attractive nuisance

■ Likewise, section 101.059 of the 1987 amended Act renders the Act inapplicable to attractive nuisance claims.[5] Thus, the issue of governmental immunity in cases of attractive nuisance, too, is to be determined under the common law.

### C. THE TRIAL COURT'S THEORY

### 1. Under the Common Law, Water Related Functions are Governmental

In citing only sections 101.059 and 101.061 as the basis for summary judgment, the trial court's theory was that the common law governed, since under those provisions the appellant's claims fall outside the ambit of the Act. Those sections specifically exclude the Act's application to attractive nuisance claims and claims based on pre–1970 acts or omissions.[6] Here, it is undisputed that the canal

---

4. TEX.CIV.PRAC. & REM.CODE ANN. § 101.061 (Vernon 1986).

5. TEX.CIV.PRAC. & REM.CODE ANN. § 101.059 (Vernon 1986).

6. The exclusion for discretionary functions was not urged as a ground in the motion for summary judgment nor is it a basis of the trial court's order granting summary judgment. *See* TEX.CIV.PRAC. & REM.CODE ANN § 101.056 (Vernon

system, including the concrete siphon in which the child had drowned, was constructed in the 1920s and has not been modified or altered since that time. Further, appellant asserted a claim under an attractive nuisance theory.

As previously discussed, at common law governmental entities retained immunity only for functions classified as "governmental"; municipalities waived immunity while performing "proprietary" functions. *Turvey,* 602 S.W.2d at 519; *Smith,* 330 S.W.2d at 674. Therefore, in granting summary judgment under the common law, the trial court necessarily held the water related function was a "governmental"—as opposed to a "proprietary"—function.

## D. WATER DELIVERY AND IRRIGATION IS PROPRIETARY AT COMMON LAW

■ Appellant's sole point of error is that the trial court erred in granting summary judgment. *City of Fort Worth v. Adams,* 888 S.W.2d 607, 611 (Tex.App.—Fort Worth 1994, writ denied), upon which appellant places major emphasis, merely reaffirms the age-old rule that the common law governs alleged acts or omissions of negligence occurring before the Act was enacted in 1970.[7] The summary judgment was granted under the common law on this basis, given the undisputed evidence that the canal system, including the concrete siphon in which the child had drowned, was constructed in the 1920s and has not since been modified. The canal system serves as a supply source for irrigation, as a storm sewage system, and as a municipal water source. We therefore find no error in the trial court's ruling that this case should be determined under the common law.

■ Appellant argues this suit is not precluded by governmental immunity at common law because water delivery and irrigation was considered a "proprietary" or a nongovernmental function. We agree that water delivery and irrigation are "proprietary."[8] *See Dilley,* 222 S.W.2d at 993 (storm sewers are "proprietary" in nature, being primarily for the benefit of the public within city's corporate limits); *City of Tyler v. Fowler Furniture Co.,* 831 S.W.2d 399, 403 (Tex. App.—Tyler 1992, writ denied) (decision to install barriers in storm drain system "proprietary"); *Trinity River Auth. v. Williams,* 659 S.W.2d 714, 720 (Tex.App.—Beaumont 1983) (city's function in providing water to its inhabitants is "proprietary"), *rev'd in part on other grounds,* 689 S.W.2d 883 (1985); *City of Denton v. Gray,* 501 S.W.2d 151, 153 (Tex. Civ.App.—Fort Worth 1973, writ ref'd n.r.e.) (city operated for profit water system was "proprietary"); *City of Waco v. Busby,* 396 S.W.2d 469, 470–71 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.) (maintenance of waterworks including lake is "proprietary"); *City of Crosbyton v. Texas–New Mexico Utilities Co.,* 157 S.W.2d 418, 420–21 (Tex.Civ.App.— Amarillo 1941, writ ref'd w.o.m.) (procurement of power to operate waterworks is "proprietary"). Since water delivery and irrigation are proprietary functions at common law, suit against the City is not barred by governmental immunity; therefore, the trial court erred in granting summary judgment for the City.[9]

■ However, as to the District, which was not classified as a municipality at com-

1986). In any event, this court has recognized that there is no clear cut test to determine when a claim is precluded as a discretionary function. *See Crossland,* 781 S.W.2d at 433. One court has held a decision not to install barriers in a culvert in a storm drainage system is a proprietary function for which a claimant was not otherwise barred from filing suit under the discretionary act exclusion. *City of Tyler v. Fowler Furniture Co.,* 831 S.W.2d 399, 402–03 (Tex.App.—Tyler 1992, writ denied).

7. TEX.CIV.PRAC. & REM.CODE ANN. § 101.061 (Vernon 1986).

8. Again, a function is "proprietary" where the municipal corporation acts privately to benefit only those within its corporate limits. Where the municipality acts in the performance of a purely governmental matter, solely for the benefit of the public as a whole, then there is no liability for such a purely "governmental" function. *City of Gladewater,* 727 S.W.2d at 519; *Dilley,* 222 S.W.2d at 993.

9. That water delivery and irrigation are proprietary functions, and thus the City did not retain immunity, remains true at common law, despite the legislature's subsequent reclassification of the function as governmental under the Act.

mon law—as a political subdivision of the State performing purely governmental functions, under the common law it could not be liable in tort as a matter of law.[10] *Smith*, 330 S.W.2d at 674. The trial court therefore correctly granted summary judgment for the District under the common law.

 Appellees argue this suit is barred at common law by governmental immunity since the Act does not apply to waive immunity up to the Act's monetary limits of recovery. *City of Houston v. George*, 479 S.W.2d 257, 258 (Tex.1972); *Barron v. Texas Dep't of Transp.*, 880 S.W.2d 300, 302 (Tex. App.—Waco 1994, writ denied); *Chapman*, 839 S.W.2d at 98–99; *Crossland*, 781 S.W.2d at 438–39; *Shives*, 743 S.W.2d at 715; *Burnett v. Texas Highway Dep't*, 694 S.W.2d 210, 212 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). This argument "places the cart before the horse" in that it assumes an immunity at common law that the Act would be dissolving so an action could be asserted. This would be true only where the particular function upon which liability is being predicated was considered to be "governmental" in nature at common law and to which immunity would have applied in the first place. The cases appellees cite are distinguishable on this basis: the governmental functions involved were not "proprietary" (*i.e.*, such as water delivery and irrigation), but rather involved functions considered "governmental" at common law to which immunity applied. *See Fowler Furniture*, 831 S.W.2d at 402–03; *cf. Shives*, 743 S.W.2d at 715. Additionally, the governmental entities involved in those cases where immunity barred suit were either the State or an arm of the State—as opposed to a municipality—for which immunity at common law has never been waived even for "proprietary" functions. *Turvey*, 602 S.W.2d at 519; *Smith*, 330 S.W.2d at 674. We find that the failure to install barriers and railings around, over or in the open canal irrigation siphon was a "proprietary" function of the City of Wichita Falls.

## IV. CONCLUSION

For these reasons, appellant's sole point of error is sustained in part as to the City of Wichita Falls, and the summary judgment predicated on governmental immunity is reversed and remanded. As to the Wichita County Water Improvement District Number Two, the point of error is overruled and the summary judgment is affirmed.

---

**10.** It is interesting to note that prior to filing the joint motion for summary judgment with the District which is the subject of this appeal, the City filed another motion for summary judgment in which it attempted to place sole responsibility for the canal on the District based on a contract.