Dismissed and Memorandum Opinion filed November 14, 2006








Dismissed and Memorandum Opinion filed November 14, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00485-CV

____________

 

CITY OF HOUSTON, Appellant

 

V.

 

CITY OF WEBSTER, Appellee

 



 

On Appeal from the 334th
District Court

Harris County, Texas

Trial Court Cause No. 03-06156

 



 

M E M O R A N D U M  O P I N I O N

Appellant, City of Houston (AHouston@), filed two
motions for summary judgment and a plea to the jurisdiction arguing that
appellee, City of Webster (AWebster@), could not
maintain its suit.  The trial court denied both motions and the plea, and
Houston initiated this interlocutory appeal.  Webster contended in its first
reply issue that we do not have jurisdiction over this interlocutory appeal. 
We agree with Webster and dismiss.








Factual and Procedural Background

We have seen this case before.  City of Webster v. City
of Houston, 14-04-00353-CV, 2005 WL 913813 (Tex. App.CHouston [14th
Dist.] April 19, 2005, no pet.) (not designated for publication).  Like this
appeal, that appeal involved, in part, a plea to the jurisdiction.  Webster
sued Houston for a declaratory judgment that Houston had breached a contract in
which the two cites had apportioned property allegedly lying within both cities= extra-territorial
jurisdiction.  The trial court granted Houston=s plea to the
jurisdiction, and granted Houston partial summary judgment on Webster=s declaratory
judgment claim.  We reversed in part and remanded, holding that Houston had
waived its immunity to suit concerning the breach-of-contract claim, but
affirmed the grant of partial summary judgment on the declaratory judgment
claim.

On remand, Houston asserted various reasons why the
contract was not valid or enforceable.  As a result, Houston argued the trial
court was without jurisdiction to hear the case because to do so would require
the trial court to render an advisory opinion.  Houston raised these issues
fully through two motions for summary judgment, and incorporated those
arguments by reference into a plea to the jurisdiction.  The trial court denied
Houston all relief.  Houston then initiated this interlocutory appeal on the
basis of the plea to the jurisdiction.  We dismiss for want of jurisdiction.

Analysis

I.        Pleas to
the Jurisdiction and Standard of Review








A plea to the jurisdiction is a dilatory plea, which
challenges the trial court=s authority to adjudicate the subject
matter of a cause of action.  Todaro v. City of Houston, 135 S.W.3d 287,
290 (Tex. App.CHouston [14th Dist.] 2004, no pet.).  The purpose of
the plea is to defeat the cause of action without regard to the claims= merits.  Id. 
We must decide the plea  without delving into the merits of the case.  Id. 
However, if the plea challenges jurisdictional facts, a court should consider
relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues.  Texas Dept. of Parks and Wildlife v. Miranda,
133 S.W.3d 217, 227 (Tex. 2004).  But, if the evidence creates a fact issue on
the jurisdictional question, the trial court cannot grant the plea, and must
allow the fact finder to resolve the dispute.  Id. at 227B28.  When
reviewing a plea to the jurisdiction on appeal, we conduct a de novo review.  Todaro,
135 S.W.3d at 290.  

A.      Pleas to
the Jurisdiction are Not Proper if they Raise Merits Disputes

The clear import of the above rules is that the only issues
to be resolved in a plea to the jurisdiction are jurisdictional issues.  Here,
Houston raised merits disputes onlyCdisputes going to
the heart of the underlying contract dispute.  According to Houston, if it is
correct and the contract between the parties is void ab initio, then the trial
court will have rendered an advisory opinion.  See Patterson v. Planned
Parenthood of Houston and Southeast Texas, Inc., 971 S.W.2d 439, 443 (Tex.
1998) (AThe courts of this
state are not empowered to give advisory opinions.@).  

Houston has failed to distinguish the underlying dispute
from any other case in which there is a possibility that the asserted claims
are not meritorious.  Indeed, the entire thrust of Houston=s argument and
appeal is simply to argue that the merits of Webster=s case will
ultimately prove to be unmeritorious.  Perhaps that is true.  But, removing a
case from litigation on the basis of the merits is properly the focus of a
motion for summary judgment, not a plea to the jurisdiction.  A plea to the
jurisdiction, as discussed above, is to be determined and decided solely on a
jurisdictional basis, without regard to the merits.  Houston has failed to
explain why the trial court does not have subject matter jurisdiction over a
contract dispute, and we know of no reason why the trial court would lack
jurisdiction over that subject matter.








B.      Because
Houston Filed a Summary Judgment Motion, It May not Take an Interlocutory
Appeal

Interlocutory appeals are provided for by statute.  See Tex. Civ. Prac. & Rem. Code ' 51.014.  Houston
attempted to give this court jurisdiction over this interlocutory appeal by
utilizing section 51.014(a)(8).[1] 
However, Houston did not file a plea to the jurisdiction.  Instead it filed a
summary judgment, though styled a plea to the jurisdiction.[2] 
See Phillips v. Dafonte, 187 S.W.3d 669, 675 (Tex. App.CHouston [14th
Dist.] 2006, no pet.) (holding that, for purposes of section 51.014(a)(5), we
determine if a party is entitled to an interlocutory appeal by examining the
substance and topic of the pleading upon which the appeal is based, not the
form or title of the pleading).  The substance and topic of Houston=s pleadings below
were merits based and thus represented an attempt at summary judgment.  They
continue to be merits based in this court.  Appellate courts have jurisdiction
to consider immediate appeals of interlocutory orders only if a statue
explicitly provides appellate jurisdiction.  Stary v. DeBord, 967 S.W.2d
352, 352-53 (Tex.1998).  Because there is no statutory basis for this court to
review Houston=s motions for summary judgment that the trial court
denied, we dismiss this appeal.

 








Conclusion

Having determined that there is no jurisdictional basis for
us to consider this interlocutory appeal, we dismiss the appeal for want of
jurisdiction.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 14, 2006.

Panel consists of
Justices Anderson, Hudson, and Guzman.

 









[1]  Section 51.014(a)(8) permits a person to appeal from
an interlocutory order of a district court that Agrants or denies a plea to the jurisdiction by a governmental unit....@ Tex. Civ.
Prac. & Rem. Code  ' 51.014(a)(6). 





[2]  Interlocutory appeals may be taken from the denial
of summary judgment motions in limited circumstances.  See Tex. Civ. Prac. & Rem. Code  ' 51.014(a)(5), (a)(6).  However, neither of those is
applicable in this case, and Houston has not pointed to any other relevant
basis to grant us jurisdiction.