Reversed and Rendered and Majority and Concurring Opinions filed March
16, 2006









Reversed and Rendered and Majority and Concurring Opinions filed March 16,
2006.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01179-CV

____________

 

CITY OF
HOUSTON, Appellant

 

V.

 

THOMAS
AND CHORLOTTIEA HARRIS, INDIVIDUALLY 

AND AS NEXT FRIEND OF JOSHUA HARRIS, A MINOR, Appellees



_____________________________________________________



 

On Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 767,952



_____________________________________________________



 

M A J O R I T Y   O P I N I O N

 








This is the second time that this
case has been before us on the City of Houston=s (ACity@) plea to
the jurisdiction.  In our previous
opinion (Harris I),[1]
we held that plaintiffs Thomas and Chorlottiea Harris, suing individually and
on behalf of their minor son Joshua (collectively, Aplaintiffs@), had
stated a claim under the Texas Tort Claims Act for a defective condition of
tangible personal property.   We now
review the trial court=s denial
of the City=s second plea to the
jurisdiction.  Because the record
evidence shows that plaintiffs do not have a claim under the Texas Tort Claims
Act, we reverse the judgment of the trial court and render judgment dismissing
the case for lack of jurisdiction.

I.  Factual
Background

This case arises from a May 29, 2000 incident involving
plaintiffs= minor son, Joshua Harris, and a
large metal statue of an elephant (Astatue@) that is affixed near one of the
entrances to the Houston Zoological Gardens (the AZoo@). 
While taking pictures outside of the Zoo, Joshua placed his hand on the
statue.  When he removed his hand, he
severed part of one of his fingers. 
Plaintiffs filed suit against the City under the Texas Tort Claims Act (ATTCA@), seeking damages for Joshua=s injury.

The City filed a plea to the jurisdiction, arguing that
plaintiffs had failed to plead a claim under the TTCA.  When the trial court denied the
City=s plea,
the City filed its first interlocutory appeal. 
In Harris I, we affirmed the trial court=s denial
of the City=s plea, holding that plaintiffs=
pleadings stated a claim under the TTCA for a defective condition of tangible
personal property.








The City then filed a second plea to the jurisdiction, this
time supporting its plea with evidence. 
Plaintiffs responded by submitting their own evidence.  Among other things, the evidence established
that (1) the elephant statue was and continues to be affixed to the ground,
bolted into place on three buried concrete piers; (2) the statue has been moved
in the past; (3) it is difficult to move the statue because it is large and
unwieldy and weighs five tons; (4) there are currently barriers in front of the
statue, and a planted flower bed to prevent the public from making contact with
it; and (5) there is also a commemorative plaque affixed to the ground near the
statue depicting its sculptor and donors.  After a hearing on
the issue of the statue=s status, the trial court again denied the City=s plea.  The City filed this appeal, arguing in one
issue that the trial court erred in denying its plea to the jurisdiction.

II.  Analysis

Before reaching the City=s issue,
we must first address two procedural arguments raised by plaintiffs.  Plaintiffs first claim this Court lacks
appellate jurisdiction because of the City=s earlier
interlocutory appeal.  Plaintiffs also
claim our review of the trial court=s
jurisdiction is barred by the law of the case. 
Because we conclude that neither of these arguments has merit, we
ultimately reach the City=s
challenge to jurisdiction under the TTCA.

A.        Appellate Jurisdiction

This case has created the ironic
situation in which the procedural device of the interlocutory appealCdesigned
to quickly resolve questions of sovereign immunityChas
generated unwarranted delay by permitting successive appeals under Tex. Civ.
Prac. & Rem. Code ' 51.014(8) (permitting the interlocutory appeal of an order
that Agrants or denies a plea to the
jurisdiction by a governmental unit . . . @).  See Bally Total Fitness Corp. v. Jackson,
53 S.W.3d 352, 358 (Tex. 2001) (noting that interlocutory appeals are Adisruptive,
time consuming and expensive@).  Plaintiffs are understandably frustrated by
this delay, and have raised a challenge to this court=s
appellate jurisdiction in light of it, relying on Denton County v. Huther,
43 S.W.3d 665, 667 (Tex. App.CFort
Worth 2001, no pet.) (holding that an appellate court had no jurisdiction where
the appellant failed to timely appeal the trial court=s first
denial of a plea to the jurisdiction).








However, there is no real
question of appellate jurisdiction in this case.  Unlike the county in Huther, here the
City has filed timely notices of appeal from each of the trial court=s orders,
and has therefore complied with the appellate timetables governing
jurisdiction.  In addition, the City has
raised different issues with each appeal. 
The first appeal involved a challenge to the sufficiency of the
pleadings, and the second appeal involves a challenge to the existence of
jurisdictional facts, which requires an examination of evidence to determine,
in summary judgment fashion, whether plaintiffs have evidence to support the
claim pled under the TTCA.  See Tex.
Dep=t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226B28 (Tex.
2004) (detailing procedure for promptly addressing jurisdictional
challenges).  

The City unquestionably should
have proceeded more efficiently.  But
plaintiffs do not cite any authority for the proposition that the City is
barred from raising a new jurisdictional challenge in a second plea, and we
have found none.  Indeed, plaintiffs= argument
ignores the established principle that challenges to a court=s
jurisdiction cannot be waived, but may be raised at any time.  See Waco Indep. Sch. Dist. v. Gibson, 22
S.W.3d 849, 850 (Tex. 2000) (questions of jurisdiction Acannot be
waived, and may be raised for the first time on appeal@).  

Section 51.014(8) does not limit
interlocutory appeals, but instead permits an appeal from an interlocutory
order that Agrants or denies a plea to the
jurisdiction by a governmental unit . . . .@  See also Harris County v. Sykes, 136
S.W.3d 635, 638 (Tex. 2004) (AIf the
trial court denies the governmental entity=s claim
of no jurisdiction, whether it has been asserted as a plea to the jurisdiction,
a motion for summary judgment, or otherwise, the Legislature has provided that
an interlocutory appeal may be brought.@).  We are bound by the statutory language
authorizing interlocutory appeals. 
Accordingly, although we do not approve of the City=s
successive interlocutory appeals, under section 51.014(8), we must review the
trial court=s denial of the City=s second
plea to the jurisdiction.[2]








B.        Law of the Case

Plaintiffs
also contend that our review of the trial court=s denial
of the second plea to the jurisdiction is barred by our prior holding in Harris
I under the law of the case.  We
disagree.  The previous opinion solely
addresses a challenge to the sufficiency of the pleadings, holding that
plaintiffs pleaded facts sufficient to state a claim involving a defective
condition of tangible property under the TTCA. 
2004 WL 349924 at *4.  This appeal
presents a different question, requiring us to review evidence submitted by
both parties on the issue of whether jurisdiction exists under the TTCA.  See Miranda, 133 S.W.3d at 227 (Aif a plea
to the jurisdiction challenges the existence of jurisdictional facts, we
consider relevant evidence submitted by the parties when necessary to resolve
the jurisdictional issues raised@).

The law of the case is a doctrine
of uniformity and judicial economy dictating that Aquestions
of law decided on appeal to a court of last resort . . . govern the case
throughout its subsequent stages.@  Briscoe v. Goodmark Corp., 102 S.W.3d
714, 716 (Tex. 2003) (quoting Hudson v. Wakefield, 711 S.W.2d 628, 630
(Tex. 1986)).  The doctrine does not
apply if pertinent facts are not substantially the same in the two
proceedings.  Brewer & Pritchard,
P.C. v. Johnson, 167 S.W.3d 460, 466 (Tex. App.CHouston
[14th Dist.] 2005, pet. denied). 
Application of the doctrine is flexible and must be left to the
discretion of the court and determined according to the circumstances of the
case.  Heggy v. Am. Trading Employee
Retirement Account Plan, 123 S.W.3d 770, 778 (Tex. App.CHouston
[14th Dist.] 2003, pet. denied).








Here, the law of the case
doctrine does not apply to an analysis of the evidence relating to the statue=s status
under the TTCA.  Although we held in our
prior opinion that the pleadings were sufficient to state a claim for defective
tangible personal property, at that stage in the proceedings the record did not
contain evidence regarding whether or how the statue was affixed to the
ground.  Indeed, Harris I
expressly notes that there was no evidence in the record to support the
argument that the City made at the time, that the statue was an Aimprovement@ to real
property.  2004 WL 349924, at *5.  Instead, we reviewed plaintiffs=
pleadings, which stated that the statue was moveable because the City had moved
the statue prior to the injury. 
Accordingly, applying the appropriate standard of review, we construed
the pleadings in plaintiffs= favor
and refused to conclude, at the stage of a challenge to the pleadings, that the
case involved premises liability.  Id.  

On remand to the trial court,
both parties introduced evidence pertaining to the statue, and held a hearing
regarding the statue=s
status.  The record now before us
therefore differs from the record in the first appeal, and we must review the
evidence challenging the existence of pleaded jurisdictional facts.  Miranda, 133 S.W.3d at 227.  Under these circumstances, the law of the
case doctrine does not apply to preclude us from reconsidering the statue=s
classification for the purposes of a claim under the TTCA.  See, e.g., Rodgers v. Comm=n for
Lawyer Discipline, 151 S.W.3d 602, 609 (Tex. App.CFort
Worth 2004, pet. denied) (law of case doctrine does not apply when evidence
differs Aat two
different stages of litigation and may involve more fully developed facts at
either stage@).  

C.        Premise Defects








Accordingly, we address the
evidence in the record to determine whether the elephant statue is tangible
personal property, or whether this case involves real property and premises
liability.[3]  A plaintiff bears the burden of establishing
a waiver of immunity under the TTCA.  See
Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  Whether a court has subject matter
jurisdiction is a question of law.  Miranda,
133 S.W.3d at 226.  And A[w]hether
a condition is a premise defect is a legal question.@  Tex. Dep=t of
Transp. v. Ramirez, 74 S.W.3d 864, 866 (Tex. 2002). 

When reviewing a jurisdictional
challenge that implicates the merits of a claim and the plea to the
jurisdiction includes evidence, we must determine whether a fact issue
exists.  Miranda, 133 S.W.3d at
227.  In making this determination, we Atake as
true all evidence favorable to the nonmovant,@ and Aindulge
every reasonable inference and resolve any doubts in the nonmovant=s favor.@  Id. at 228.  A[I]f the
relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue,@ a court
may rule on the plea to the jurisdiction as a matter of law.  Id. at 228.  The Texas Supreme Court has acknowledged that
this standard mirrors the standard applicable to traditional summary judgments
under Texas Rule of Civil Procedure 166a(c).  Id. 

1.         The TTCA=s
Statutory Framework

As
relevant here, the TTCA waives immunity and permits recovery for injuries
involving either the condition or the use of tangible personal property or real
property.  The statute provides that A[a]
governmental unit in the state is liable for:@

(2) personal injury and
death so caused by a condition or use of tangible personal or real property if
the governmental unit would, were it a private person, be liable to the
claimant according to Texas law.

 

Tex. Civ. Prac.
& Rem. Code '
101.021(2). 

Under this provision, a case
involving real property may present the additional question of whether the case
involves a premise defect, and is therefore governed by the heightened
standards required to establish premises liability under the TTCA.  See State v. Tennison, 509 S.W.2d 560,
562 (Tex. 1974).  Section 101.022
provides in relevant part that:








(a) If a claim arises from
a premise defect, the governmental unit owes to the claimant only the duty that
a private person owes to a licensee on private property, unless the claimant
pays for the use of the premises.

 

Tex. Civ. Prac.
& Rem. Code '
101.022(a).[4]  The Texas Supreme Court has expressly held
that the heightened standard applicable to premise defects cannot be avoided by
stating a claim for a defective condition or negligent use of property under
section 101.021(2).  In Miranda,
the Court stated:

The Tort Claims Act=s scheme of a limited
waiver of immunity from suit does not allow plaintiffs to circumvent the
heightened standards of a premises defect claim contained in section 101.022 by
re-casting the same acts as a claim relating to the negligent condition or use
of tangible property.  See State v.
Tennison, 509 S.W.2d 560, 562 (Tex. 1974) (rejecting the argument that the
Tort Claims Act Acreates two entirely
separate grounds of liability@ for negligent use or condition of real property
and premise defect, but instead interpreting the premises defect provision to further
limit the waiver of immunity for negligent use or condition of real
property).  Other Texas courts have
recognized that to allow plaintiffs to characterize premises defect claims as
claims caused by the negligent condition or use of personal or real property
would render the Legislature=s heightened requirements for premises defect
claims meaningless.

133 S.W.3d at 233.

2.         Determining the Kind of
Property Under the TTCA








Under the
TTCA, the Texas Supreme Court has held that real property is defined as Aland, and
generally whatever is erected or growing upon or affixed to land.@  Miranda, 133 S.W.3d at 229B30
(quotations omitted).  Similarly, though Apremises@ is not
defined under the TTCA, courts have defined Apremises@ as Aa
building or part of a building with its grounds or other appurtenances.@  Billstrom v. Mem=l Med.
Center, 598 S.W.2d 642, 646 (Tex. App.CCorpus
Christi 1980, no writ); Univ. of Tex. Med. Branch at Galveston v. Davidson,
882 S.W.2d 83, 85B86 (Tex.
App.CHouston
[14th Dist.] 1994, no writ) (adopting the Billstrom definition of
premises).

When the allegedly defective
property has been affixed to land or other property, courts have held that the
case involves a premises defect.  For
example, Billstrom involved defective window screens.  598 S.W.2d at 644.  Davidson involved a defective
elevator.  882 S.W.2d at 85.  Other cases involving premises defects under
the TTCA have included: a defective swing, City of Bellmead v. Torres,
89 S.W.3d 611, 614 (Tex. 2002); a defective sprinkler, Stephen F. Austin
State Univ. v. Flynn, No. 12-03-00240-CV, 2004 WL 948885, at *5 (Tex. App.CTyler
April 30, 2004, pet. filed); a defective baseball outfield fence, Univ. of
Tex.‑Pan Am. v. Valdez, 869 S.W.2d 446, 449 (Tex. App.CCorpus
Christi 1993, writ denied); and a salt water barrier, Guadalupe-Blanco River
Auth. v. Pitonyak, 84 S.W.3d 326, 336 (Tex. App.CCorpus
Christi 2002, no pet.).








The allegedly defective statue in
this case is not materially different from the defective property discussed in
the cases above.  As noted below, here,
the undisputed[5]
record evidence establishes that (1) the statue was and continues to be affixed
to the ground, bolted into place on three concrete piers; (2) the statue has
been moved in the past; (3) the statue is difficult to move because it is large
and unwieldy and weighs five tons; (4) there are currently barriers in front of
the statue, and a planted flower bed to keep the public from engaging with it;
and (5) there is also a commemorative plaque affixed to the ground near the
statue showing the its sculptor and donors. 
Because the defective statue was affixed to the ground when plaintiff
was injured, we hold that it gives rise to a claim for a premise defect under
the TTCA.[6]  

Plaintiffs argue that the statue
cannot give rise to a premise defect claim because the statue has been moved in
the past and can be unbolted and moved again. 
This fact, though relevant, is not dispositive and does not create a
fact issue as to whether the statue was affixed to the ground.  Indeed, in Davidson, this Court
rejected a similar argument, holding:

Despite the fact that an
elevator is a separate piece of equipment, it is also undeniably an integral
part of the building, like a stairwell, floor, or, as in Billstrom, a
security screen permanently attached to a window.  And, although an elevator can be removed, in
truth, it is not a Atemporary@ installation in any
sense; it is a permanent addition to the building. Furthermore, being attached
to the building and an integral part of its construction, an elevator is
clearly an appurtenance, in fact, more so than the security screen in Billstrom.

 

Davidson, 882 S.W.2d at 86.  Defective elevators, window screens, swings,
sprinklers and fences can all be moved or replaced, but the moveable nature of
these items does not convert them into personal property for the purposes of
claims under the TTCA.  Highway barrel
signs, by contrast, are readily moveable and are not affixed to the
ground.  See Tex. Dep=t of
Transp. v. Henson, 843 S.W.2d 648, 653 (Tex. App.CHouston
[14th Dist.] 1992, writ denied) (Athe
barrel-signs were moveable, portable and temporary in nature@).  Because the elephant statue was affixed to
the ground when plaintiff was injured, the fact that the statue can be moved
does not render it tangible personal property. 








In addition, there is no real
question regarding the negligent use of property in this case.  Miranda holds that a plaintiff cannot
artfully plead that a case involves the negligent use of property to avoid the
heightened standards applicable to premises claims under section 101.022(a),
and Miranda controls here.  The
elephant statue is real property under the definition used by Miranda,
because it is Aerected or growing upon or
affixed to land.@  See Miranda, 133 S.W.3d at 229B30.  It also presents a premise defect claim.  Davidson, 882 S.W.2d at 86.  This case is accordingly subject to the TTCA=s
heightened standard for premises liability under section 101.022(a),
irrespective of any allegations regarding the negligent use of property.  Miranda, 133 S.W.3d at 233.

Contrary to my concurring colleague=s
opinion, we do not hold that every real property case necessarily involves a
premises defect.  Instead, as noted, we
hold simply that the allegedly defective elephant statue, which is affixed to
the ground, is both real property and presents a premises question.  In this case, it is alleged that a design
defect in the statueCnamely,
the sharp Apinch points@ existing
in its iron frameworkCcaused
the injury in question.  Therefore, it is
not necessary to hypothesize about a possible negligent use of non-defective
real property.  Similar to Miranda,
we hold only that the facts of this case involve real property and are governed
by the heightened standards applicable to premises liability under the TTCA.

3.         Establishing Liability
for Premise Defects

To
establish liability for a premise defect under the TTCA, among other things, a
plaintiff must plead and prove either willful, wanton or grossly negligent
conduct, or that the defendant had actual knowledge of the dangerous condition,
the plaintiff did not, and the defendant failed to warn of the condition or
make it safe.  See State Dep=t of
Highways & Public Transp. v. Payne, 838 S.W.2d 235, 237 (Tex.
1992); Prairie View A & M Univ. v. Brooks, 180 S.W.3d 694, 706 (Tex.
App.CHouston
[14th Dist.] 2005, no pet.).  








On the record before us,
plaintiffs have failed to plead facts that establish a waiver of immunity for a
premise defect under the TTCA.  The
pleadings, despite discovery and amendment, allege only that the City Aknew or
should have known@ of the
dangerous condition of the statue.  This
allegation is insufficient to state a claim under the TTCA for a premises
defect.  Without more, this pleading
failure may not support a dismissal of plaintiffs=
claim.  See Miranda, 133 S.W.3d at
226B27 (if
the issue is one of pleading sufficiency, plaintiffs should be permitted to
amend unless they have pled facts that affirmatively establish that
jurisdiction does not exist).

In this case, however, the City
supported its plea to the jurisdiction with evidence.  Particularly, the City introduced evidence
that it had no knowledge of prior accidents or complaints involving the
statue.  In response, plaintiffs did not
controvert the City=s
evidence or otherwise demonstrate the existence of a fact issue relating to the
City=s
knowledge.  It is unquestionably
plaintiffs= burden to do so under Miranda.  A[A]fter
the state asserts and supports with evidence that the trial court lacks subject
matter jurisdiction, we simply require the plaintiffs when the facts underlying
the merits and subject matter jurisdiction are intertwined, to show that there
is a disputed issue of material fact regarding the jurisdictional issue.@  Miranda, 133 S.W.3d at 228.  Here, Plaintiffs have failed to do so.








In applying Miranda=s
standard to the facts of this case, we remain mindful of the concerns expressed
by the dissents of Justice Brister and Justice Jefferson in Miranda.  Here, plaintiffs were essentially faced with
a summary judgment proceeding without being afforded all of the procedural
protections normally required to support summary judgments.  As Justice Brister noted in dissent, a plea
to the jurisdiction may fail to Aclarify
what the jurisdictional hearing will be like [or] simplify many procedural
questions.@ 
133 S.W.3d at 243 (Brister, J., dissenting).  This case exemplifies his concern.  Plaintiffs had very little notice of the
hearing on the plea, or time to produce evidence prior to the hearing.  See also Miranda, 133 S.W.3d at 236
(Jefferson, J., dissenting) (noting that Miranda=s
standard may require plaintiffs to respond to a plea supported by evidence on
three days notice).  The trial court
properly permitted plaintiffs to introduce evidence to build an appellate
record after denying the City=s plea,
but the absence of adequate notice before a hearing on a summary procedure is
nevertheless a cause for concern.

Miranda commits
such matters to the trial court=s
discretion.  133 S.W.3d at 229.  On the record before us, we cannot say that
the court abused its discretion.  The
parties had conducted discovery on the merits of the case, and the trial court
permitted plaintiffs to introduce all evidence they believed relevant to the
City=s
plea.  Under these circumstances, it is
proper to require plaintiffs, as Miranda does, Ato show
that there is a disputed issue of material fact regarding the jurisdictional
issue.@  Miranda, 133 S.W.3d at 228.  Because plaintiffs have not done so, we
dismiss this case for lack of subject matter jurisdiction. 

Because plaintiffs have failed to
establish a waiver of immunity under the TTCA, we need not determine whether or
not plaintiffs must also satisfy the Recreational Use Statute,  Tex.
Civ. Prac. & Rem. Code '
75.001(3).[7]  See Todaro v. City of Houston, 135 S.W.3d 287, 294 (Tex. App.CHouston [14th Dist.] 2004, no pet.) (AOur analysis of the City=s liability, however, does not reach
the recreational use statute unless we first determine that Todaro=s claims fall under the waiver of
immunity created by the Tort Claims Act.@); see also City of Houston v.
Morua, 982 S.W.2d 126, 130 (Tex. App.CHouston [1st Dist.] 1998, no pet.), overruled
on other grounds by Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App.CHouston [1st Dist.] 2001, pet.
denied).  Although the Recreational Use
statute applies to claims under the TTCA, Tex. Civ. Prac. & Rem. Code ' 101.058; Miranda, 133 S.W.3d
at 225, we have held that the TTCA does not waive immunity and permit a claim
on the facts of this case.








III. 
Conclusion

For the foregoing reasons, we
reverse the trial court=s
judgment, and render judgment dismissing this case for lack of subject matter
jurisdiction.  

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed March 21, 2006.

Panel consists of
Justices Edelman, Seymore, and Guzman. 
(Edelman, J., concurring.)

 

 

 











[1]  City of Houston v. Harris, No. 14-03-00264-CV, 2004 WL
349924 (Tex. App.CHouston [14th Dist.] Feb. 26, 2004,
no pet.) (memo op.).





[2]  Because
plaintiffs are not the prevailing party on appeal, and in light of the
reasoning set forth above, we reject plaintiffs=
argument that this appeal is frivolous, and we refuse to award sanctions under Tex. R. App. P. 45.  See Baker Hughes Oilfield Operations, Inc.
v. Hennig Production Co., 164 S.W.3d 438, 448 (Tex. App.CHouston [14th Dist.] 2005, no pet.) (setting forth
standard for sanctions under Rule 45).





[3]  Under the facts
as presented, it is necessary to address the question of whether this case
involves personal or real property.  The
parties focused on the nature of the property before the trial court, so we
review a developed record on this point. 
In addition, because the pleadings in this case state a claim involving
tangible personal property, see Harris I, 2004 WL 349924, at *5, we are
reluctant to hold that the case presents a premises claim or is governed by the
Recreational Use Statute without first determining that the case involves real
property.  We are not aware of
circumstances, if any, under which cases involving tangible personal property
may present a premises claim or be governed by the Recreational Use Statute.





[4]  It is
undisputed that plaintiffs did not pay for the use of the premises.





[5]  Although plaintiffs argue about the
legal significance of these facts, the facts themselves are not disputed.





[6]  Because we
hold that the elephant satisfies the definition of Areal property@
articulated in Miranda, and of Apremises@ that courts, including this one, have employed when
interpreting the TTCA, we do not reexamine the question that the City pressed
on the first appeal, whether the statue is an Aimprovement@ under more general principles of property law.  





[7]  For the same
reason, we do not address whether plaintiffs are actually stating a claim for
attractive nuisance, to which the TTCA does not apply.  Tex.
Civ. Prac. & Rem. Code ' 101.058
(AThis chapter does not apply to a claim based on the
theory of attractive nuisance.@).