**Eddie Leon FRENCH and Beverly Jan French, Appellant,**

v.

**JOHNSON COUNTY, Texas, Appellee.**

No. 10–95–184–CV.

Court of Appeals of Texas, Waco.

Aug. 30, 1996.

Wayne Watson and Roger D. Brown, Fort Worth, for appellant.

David J. Labrec, Mark M. Donheiser & D. Randall Montgomery, Strasburger & Price, L.L.P., Dallas, for appellee.

Before CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice

Eddie and Beverly French sued Johnson County alleging negligence that caused Mr. French's car to fall off a bridge. The court granted summary judgment. Because the County conclusively established that the bridge involved in the accident was constructed before 1970 and the Frenches' other claims relate to discretionary functions of the County, we affirm the judgment.

On the evening of October 2, 1991, Eddie French drove his car east on County Road 704 in Cleburne, Johnson County, Texas. As Mr. French approached the bridge over East Buffalo Creek, his right front tire went off the roadway. Mr. French's car then struck an I-beam protruding from the bridge, causing his car to fall into the creek below. Mr. French suffered personal injuries in the accident.

Mr. French and his wife, Beverly, sued Johnson County, alleging that the bridge and its approach constituted a dangerous condition of which the County had knowledge and Mr. French did not. The Frenches further alleged that the County's negligence in failing to correct the dangerous condition by installing guard rails or replacing the narrow bridge and in failing to warn the public of a dangerous condition by posting warning signs or signals along the approach to the narrow bridge were a proximate cause of their injuries.

The County answered and filed a motion for summary judgment, raising five grounds: (1) that the Frenches' injuries, if any, resulted from a condition created prior to 1970; (2) that all acts or omissions which allegedly caused injury to the Frenches resulted from discretionary acts or omission of the County;

(3) that the Frenches' claimed damages did not result from wilful, wanton, or gross negligence of the County; (4) that Mr. French had knowledge of the alleged dangerous condition; and (5) that the alleged dangerous condition was not a special defect. After a hearing on the motion, the court granted the County's motion without specifying the grounds relied on for its ruling.

In a single point of error, the Frenches complain that the court erred in granting the County's motion for summary judgment. A defendant moving for summary judgment on the plaintiff's cause of action shoulders the burden of showing as a matter of law that no material issue of fact exists for one or more elements of the plaintiff's cause of action. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 476–77 (Tex.1995). When a movant for summary judgment relies on an affirmative defense, however, the movant must expressly present and conclusively prove all essential elements of that defense as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

In deciding whether a disputed material fact issue precluding summary judgment exists, evidence favorable to the non-movant will be taken as true, every reasonable inference must be indulged in favor of the non-movant, and any doubts must be resolved in the non-movant's favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985). When a summary judgment order does not state the specific grounds upon which it is granted, a party appealing from the judgment must show that each of the independent theories alleged in the motion for summary judgment is insufficient to support the order. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). If any of the theories advanced by the movant demonstrates a right to judgment as a matter of law, the court's summary judgment will be affirmed. *Id.*

█ Common law protects governmental units, including counties, from liability from governmental acts unless the legislature statutorily waives immunity. *IDC, Inc. v. County of Nueces,* 814 S.W.2d 91, 93 (Tex.App.—Corpus Christi 1991, writ denied). The legislature waived governmental immunity in the Tort Claims Act for personal injuries and deaths proximately caused by a condition or use of personal or real property if the governmental unit would, were it a private person, be liable. Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1986). The Tort Claims Act does not apply, however, to claims based on an act or omission that occurred before January 1, 1970. *Id.* § 101.061. In the first ground of its motion for a summary judgment, the County raised this exception to liability. If the County proved that the bridge was completed before 1970, then, as a matter of law, the County is entitled to immunity under Section 101.061 for injuries resulting from the condition of the bridge itself. *Barron v. Texas Dep't of Transp.,* 880 S.W.2d 300, 302 (Tex.App.—Waco 1994, writ denied); *Tarrant County Water Control v. Crossland,* 781 S.W.2d 427, 432 (Tex.App.—Fort Worth 1989, writ denied), *overruled on other grounds, City of Dallas v. Mitchell,* 870 S.W.2d 21 (Tex.1994). *But see Maxwell v. Texas Dep't of Transp.,* 880 S.W.2d 461, 465 (Tex.App.—Austin 1994, writ denied) (holding that the State is required to prove two elements to be entitled to immunity under Section 101.061:(1) that the structure was completed before 1970 and (2) the structure has remained in the same condition since that time). The burden then shifts to the Frenches to introduce evidence of an act or omission which occurred after January 1, 1970 that caused the injury. *See Virginia Indonesia Co. v. Harris County,* 910 S.W.2d 905, 907 (Tex.1995); *Barron,* 880 S.W.2d at 302; *Crossland,* 781 S.W.2d at 432.

█ The County presented evidence of the construction date of the bridge from Shiraz Dhanani, a bridge-inspection and appraisal engineer for the Texas Department of Transportation. Based on Texas Highway Department records he obtained through his employment, Dhanani testified that the bridge in question was built in 1943. The Frenches objected to the County's summary judgment evidence on the ground that it contained hearsay and that Dhanani's deposition excerpts were not properly authenticated. However, no written ruling on the Frenches' objections is in the record. Unless an order sustaining the objection is reduced to writ-

ing, signed, and entered of record, the evidence that has been objected to, whether hearsay or not, remains part of the summary judgment evidence. *Eads v. American Bank, N.A.*, 843 S.W.2d 208, 211 (Tex.App.—Waco 1992, no writ). Thus, we hold that Dhanani's testimony is competent summary judgment evidence and conclusively establishes that the bridge was constructed before January 1, 1970.

 The Frenches contend that Mr. French's deposition testimony—"[t]his was a new highway and ... I just heard that that highway was opened up"—is evidence that the bridge had been changed since January 1, 1970 and thus creates a fact issue regarding an act or omission under Section 101.061. This conclusory testimony, however, merely relates to the general highway, not to the bridge. Therefore, the Frenches failed to produce evidence sufficient to defeat the County's entitlement to summary judgment. *Virginia Indonesia*, 910 S.W.2d at 907; *Crossland*, 781 S.W.2d at 432.

The Frenches also argue that the County's failure to install guard rails, replace the bridge, or post warning signs constitutes an act or omission that occurred after January 1, 1970. Failure to provide additional safety features after January 1, 1970, however, does not constitute an act or omission within the meaning of Section 101.061. *Crossland*, 781 S.W.2d at 432. The decision not to install guard rails, replace the bridge, or post warning signs was a discretionary function, and the Tort Claims Act does not waive governmental immunity for such decisions. TEX. CIV. PRAC. & REM.CODE ANN. § 101.056; *Barron*, 880 S.W.2d at 302; *Shives v. State*, 743 S.W.2d 714, 716 (Tex. App.—El Paso 1987, writ denied); *Burnett v. Texas Highway Dep't*, 694 S.W.2d 210, 212 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). The Tort Claims Act retains County immunity for such discretionary functions.

Johnson County conclusively proved that the bridge was completed prior to 1970. This is sufficient to establish as a matter of law that Johnson County is entitled to governmental immunity for injuries resulting from the condition of the bridge itself. Furthermore, failure to install guard rails, re-

place the bridge, or post warning signs was a discretionary function, for which the County cannot be held liable. Accordingly, we hold that the court properly granted summary judgment against the Frenches.

We overrule the point of error and affirm the judgment.