Hidalgo County v. Villalobos, et al.















NUMBER 13-02-00710-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

HIDALGO COUNTY,                                                                      Appellant,

v.

MARIA C. VILLALOBOS, ET AL.,                                                Appellees.
                                                                                                                       

On appeal from the 370th District Court of Hidalgo County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Hinojosa

          This is a wrongful death case involving a fatal accident that occurred on Roosevelt
Road, a dead-end road in Hidalgo County. A jury determined that Hidalgo County’s
negligence proximately caused the accident, and the trial court rendered judgment on the
verdict. Hidalgo County filed this accelerated appeal after the trial court denied its plea to
the jurisdiction. In two issues, appellant, Hidalgo County, contends the trial court erred in
denying its plea to the jurisdiction because it is immune from suit under the doctrine of
sovereign immunity. We agree and reverse and render.
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4. 
A. Standard of Review
          A plea to the jurisdiction is a dilatory plea, which is employed to challenge the trial
court’s subject matter jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000). Appellees, Maria C. Villalobos individually and as representative of the estate
of Mario Garcia, deceased, Cynthia A. Ruiz as next friend of Mari Garcia, a minor child, and
Frank Garcia individually and as representative of the estate of Adan Garcia, deceased, had
the burden to allege facts affirmatively demonstrating the trial court’s jurisdiction to hear this
case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); City
of Mission v. Cantu, 89 S.W.3d 795, 800 (Tex. App.–Corpus Christi 2002, no pet.). Subject
matter jurisdiction cannot be conferred by consent or waiver, and it may be raised at any
time. Tex. Ass'n of Bus., 852 S.W.2d at 443-44. Since a governmental unit is protected
from suit by sovereign immunity, pleadings in a suit against a governmental unit must
affirmatively demonstrate, either by reference to a statute or express legislative permission,
that the legislature consented to the suit. Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999). 
          Because subject matter jurisdiction is a question of law, we review a trial court’s
ruling on a plea to the jurisdiction under a de novo standard of review. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In determining whether jurisdiction exists,
we consider the allegations in the pleadings, and to the extent it is relevant to the
jurisdictional issue, any evidence submitted by the parties to the trial court. See County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002) (citing Tex. Natural Res. Conservation
Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001)); Bland, 34 S.W.3d at 555; Nueces
County v. Ferguson, 97 S.W.3d 205, 213 (Tex. App.–Corpus Christi 2002, no pet.). In
doing so, we must construe the plaintiffs’ pleadings liberally in favor of jurisdiction, Peek v.
Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989), and must take all factual allegations
pleaded as true, unless the defendant pleads and proves that the allegations were
fraudulently made to confer jurisdiction. Cont’l Coffee Prods. Co. v. Cazarez, 937 S.W.2d
444, 449 (Tex. 1996). If a plaintiff pleads facts that affirmatively demonstrate an absence
of jurisdiction and such defect is incurable, immediate dismissal of the case is proper. 
Peek, 779 S.W.2d at 804-05; City of Austin v. L.S. Ranch, 970 S.W.2d 750, 753 (Tex.
App.–Austin 1998, no pet.). However, the mere failure of a petition to state a cause of
action does not show a want of jurisdiction in the court. Bybee v. Fireman's Fund Ins. Co.,
160 Tex. 429, 331 S.W.2d 910, 917 (1960). If the plaintiff's pleadings are insufficient to
demonstrate the court's jurisdiction, but do not affirmatively show incurable defects in
jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before
dismissing. Brown, 80 S.W.3d at 555; Peek, 779 S.W.2d at 804-05. 
B. Sovereign Immunity
          The State, its agencies, and subdivisions, such as counties, generally enjoy
sovereign immunity from tort liability unless immunity has been waived. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 101.001(3)(A)-(B), 101.025 (Vernon 1997); Brown, 80 S.W.3d at 554;
Tex. Dep’t of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000). The Texas Torts Claims
Act (“Act”) expressly waives sovereign immunity in three general areas: “use of publicly
owned automobiles, premises defects, and injuries arising out of conditions or use of
property.” Brown, 80 S.W.3d at 554; Able, 35 S.W.3d at 611 (quoting Lowe v. Tex. Tech
Univ., 540 S.W.2d 297, 298 (Tex. 1976)). However, the Act specifically provides that it
does not waive immunity for claims based on an act or omission that occurred before
January 1, 1970. Tex. Civ. Prac. & Rem. Code Ann. § 101.061 (Vernon 1997). When there
is an alleged waiver of immunity based on a condition or use of personal or real property,
the state governmental entity is entitled to immunity if it can prove that the structure “was
completed before 1970 and has remained in the same condition since that time.” Maxwell
v. Tex. Dep’t of Transp., 880 S.W.2d 461, 465 (Tex. App.–Austin 1994, writ denied); see
Tex. Parks & Wildlife Dep’t v. Davis, 988 S.W.2d 370, 373 (Tex. App.–Austin 1999, no pet.). 
Subjecting the government to liability under the Act for structures built prior to the Act (and
not thereafter changed) would place the government in an unfair position of trying to
analyze every structure under its control and then rebuild, redesign and make safe those
structures in order to defend against liability. Cranford v. City of Pasadena, 917 S.W.2d
484, 488 (Tex. App.–Houston [14th Dist.] 1996, no writ). Therefore, a state governmental
entity cannot be held liable under the Act for acts or omissions occurring before January 1,
1970, and its continued failure to modify structures built before that date does not constitute
an act or omission occurring after that date. Id.
          In this case, the undisputed evidence shows that Roosevelt Road was constructed
before 1970. Prior to 1970, a “dead-end” sign was placed at the intersection of Roosevelt
Road and Val Verde Road. Since its construction and until the time of the accident, the
condition of Roosevelt Road has remained constant. Accordingly, we hold that the
evidence conclusively establishes that Roosevelt Road was constructed before January 1,
1970.
          Appellees assert that after January 1, 1970, Hidalgo County failed to: (1) adequately
mark Roosevelt Road, (2) protect it by guardrail or barrier, and (3) post sufficient warning
signs. However, the County’s failure to provide additional safety measures after January
1, 1970, does not constitute an act or omission within the meaning of section 101.061 of the
Act. French v. Johnson County, 929 S.W.2d 614, 617 (Tex. App.–Waco 1996, no writ). 
Decisions regarding highway design and what types of safety features to install are
discretionary functions, and the Act does not waive governmental immunity for such
decisions. Tex. Civ. Prac. & Rem. Code Ann. § 101.056 (Vernon 1997); State v. Gonzalez,
82 S.W.3d 322, 326 (Tex. 2002).
          Hidalgo County proved by undisputed evidence that Roosevelt Road was completed
prior to 1970 and has remained in the same condition since that time. This is sufficient to
establish, as a matter of law, that Hidalgo County is entitled to governmental immunity for
injuries resulting from the condition of the road itself. Furthermore, the County’s failure to
adequately mark the road, protect it by guardrail or barrier, or post sufficient warning signs
are discretionary functions for which the County cannot be held liable. Therefore, we hold
that appellees failed to state a claim which falls within the scope of liability for which
sovereign immunity is waived by the Act.
          We sustain Hidalgo County’s first and second issues. We reverse the trial court’s
order denying Hidalgo County’s plea to the jurisdiction and reverse the trial court’s
judgment. We grant Hidalgo County’s plea to the jurisdiction and render judgment that
appellees take nothing by their suit.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Opinion delivered and filed this the
26th day of February, 2004.