

**NUMBER 13-08-145-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARIA RODRIGUEZ, INDIVIDUALLY**                 **Appellants,**
**AND AS REPRESENTATIVE OF THE ESTATE**
**OF SAUL VILLAFRANCO, AND RAMIRO RIOS,**
**INDIVIDUALLY AND AS REPRESENTATIVE OF**
**THE ESTATE OF ELISEO RIOS**

**v.**

**THE COUNTY OF CAMERON, TEXAS AND**
**CAMERON COUNTY IRRIGATION DISTRICT NO. 2**       **Appellees.**

---

### On appeal from County Court at Law No. 3
### of Cameron County, Texas

---

# MEMORANDUM OPINION

### Before Justices Yañez, Garza, and Vela
### Memorandum Opinion by Justice Vela

This is an appeal from an order granting a plea to the jurisdiction in favor of

appellees, Cameron County and Cameron County Irrigation District No. 2 ("the County").

By three issues, appellants, Maria Rodriguez, individually and as representative of the estate of Saul Villafranco, and Ramiro Rios, individually and as representative of the estate of Eliseo Rios ("collectively Rodriguez") raise three issues, claiming: 1) appellees had a duty to warn of special defects; 2) there was a failure to warn at the time of the incident; and, 3) if the Texas Tort Claims Act does not apply, there was no immunity under common law for proprietary functions. We affirm.

## I. BACKGROUND

Rodriguez filed suit against the County complaining of the wrongful deaths of Saul Villafranco and Eliseo Rios. The pleadings state that Villafranco and Rios were traveling by automobile on Hudson Road in Cameron County to a location where Hudson Road turned and crossed over an irrigation canal owned and operated by Cameron County Irrigation District No. 2. According to the petition, Hudson Road turns sharply to the left, crosses an unmarked concrete bridge, and continues to the other side of the canal. Rodriguez claimed that there were no signs indicating a turn or bridge. Surprised by a sudden left turn, Villafranco, the driver, executed a turn that did not place the car safely on the bridge. The car overturned and plunged into the water below. Villafranco and Rios drowned.

Rodriguez claimed the trial court had jurisdiction pursuant to the Texas Tort Claims Act because the bridge in question was a special defect and the County had a continuing duty to warn. Rodriguez also argued that if the Texas Tort Claims Act does not apply, then Cameron County is liable because governmental units were not immune for proprietary functions under common law.

2

Cameron County filed its plea to the jurisdiction asserting that the Texas Tort Claims Act is inapplicable to this case because it does not apply to a claim based on an act or omission that occurred before January 1, 1970. TEX. CIV. PRAC. & REM. CODE ANN. § 101.061 (Vernon 2005). The County urges the bridge-like structure that crosses over the irrigation ditch was constructed prior to January 1, 1970, and has not been substantially modified. As support for that proposition, the County included an affidavit of Clarence Magourik, the general manager for Cameron County Irrigation District No. 2, who averred that the structure existed prior to 1970 and has undergone no substantial modifications. Additionally, Cameron County argued that there was no waiver of sovereign immunity for the absence of traffic control devices because the decision to install such devices is a discretionary function and does not waive sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.056, 101.060(a)(1) (Vernon 2005).

In response, Rodriguez urges that her claim is based on a premises defect and a special defect. She argues that the County failed to make repairs within a reasonable time after notice. Rodriguez asserts that prior incidents substantially similar to the incident in this case had transpired in the past. She also contends that there is "a combination of characteristics at the bridge" that constitute a special defect. For instance, the roadway is obscured by vegetation; the turn is not marked; the canal is not visible, and there are no barricades or barriers to indicate the edge of the bridge. Rodriguez submitted the affidavit of Jeff Heumann, an individual who inspected the site where the deaths occurred. Heumann averred that in his opinion, the roadway had been changed because it had been graded to reduce potholes, a "Caution Children Playing" sign had been removed, and an "End of Pavement" sign had been removed.

3

## II. SOVEREIGN IMMUNITY

Generally, the State of Texas has sovereign immunity from suit unless waived by the Legislature. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.,* 39 S.W.3d 591, 594 (Tex. 2001). The Texas Tort Claims Act permits suits against governmental units for personal injuries in three general circumstances, including personal injuries caused by: (1) the use of publicly owned automobiles; (2) a condition or use of tangible personal or real property; and (3) a premises defect, or the condition on real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(1)-(2), 101.022 (Vernon 2005); *Perez v. City of Dallas,* 180 S.W.3d 906, 910 (Tex. App.–Dallas 2005, no pet.). Liability for premises defects is implied under section 101.021(2) because a premises defect arises from a condition existing on real property. *Perez,* 180 S.W.3d at 910 (citing *City of Midland v. Sullivan,* 33 S.W.3d 1, 6 (Tex. App.–El Paso 2000, pet. dism'd w.o.j.); *Lamar Univ. v. Doe,* 971 S.W.2d 191, 195 (Tex. App.–Beaumont 1998, no pet.)). If the condition of real property giving rise to the waiver of immunity is a premises defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a). However, if the claimant pays for the use of the premises, the limitation of duty under section 101.022 does not apply and the governmental entity owes the claimant the duty owed to an invitee. *See id.* The duty to an invitee "requires an owner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is or reasonably should be aware." *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992).

A plaintiff must plead facts sufficient to invoke a waiver of sovereign immunity under the Texas Tort Claims Act. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Univ. of N. Tex. v. Harvey,* 124 S.W.3d at 216, 222 (Tex. App.–Fort Worth 2003, pet. denied). We must look to the terms of the tort claims act and then determine whether the liability theories pleaded, the facts pleaded, and the evidence presented demonstrate a claim falling within the waiver of immunity. *Univ. of N. Tex.,* 124 S.W.3d at 222.

The Act specifically provides that it does not waive immunity for claims based on an act or omission that occurred before January 1, 1970. TEX. CIV. PRAC. & REM. CODE ANN. § 101.061 (Vernon 1997). When there is an alleged waiver of immunity based on a condition or use of personal or real property, the state governmental entity is entitled to immunity if it can prove that the structure was completed before 1970 and has remained in the same condition since that time. *Maxwell v. Tex. Dep't of Transp.,* 880 S.W.2d 461, 465 (Tex. App.–Austin 1994, writ denied). Subjecting the government to liability under the Act for structures built prior to the Act (and not thereafter changed) would place the government in an unfair position of trying to analyze every structure under its control and then rebuild, redesign and make safe those structures in order to defend against liability. *Cranford v. City of Pasadena,* 917 S.W.2d 484, 488 (Tex. App.–Houston [14th Dist.] 1996, no writ). A county's failure to install guardrails, replace a bridge, or post warnings after January 1, 1970, was not an act or omission waiving immunity. *French v. Johnson County*, 929 S.W.2d 614, 617 (Tex. App.–Waco 1996, no writ). Therefore, a state governmental entity cannot be held liable under the Act for acts or omissions occurring before January 1, 1970, and its continued failure to modify structures built before that date does not

5

constitute an act or omission occurring after that date. *Id.*

## III. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Whether a trial court has subject matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002). The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey,* 124 S.W.3d at 220. We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda,* 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett,* 142 S.W.3d 550, 552 (Tex. App.–Fort Worth 2004, pet. denied). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex. 2000) (confining the evidentiary review to evidence that is relevant to the jurisdictional issue). We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Miranda*, 133 S.W.3d at 228. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact

6

question will be resolved by the fact-finder. *Id*. at 227-28; *Bland,* 34 S.W.3d at 555. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda,* 133 S.W.3d at 227-28; *Bland,* 34 S.W.3d at 555.

IV. ANALYSIS

The County's plea to the jurisdiction challenges the propriety of jurisdiction pursuant to the Texas Torts Claims Act. The evidence presented established that the bridge-like structure existed in substantially the same condition since before 1970. Rodriguez's controverting evidence, an affidavit by Jeff Heumann, concludes that he believed the bridge was significantly modified. He does not, however, indicate that any such modifications happened after 1970. His affidavit does not raise an issue to controvert the evidence presented in the plea to the jurisdiction.

This Court has, on at least two occasions, addressed a similar issue. In *Hidalgo County v. Villalobos*, this Court held that a road, upon which an accident occurred, was constructed prior to 1970. *See* No. 13-02-00710-CV, 2004 WL 351864 at *2 (Tex. App.–Corpus Christi, Feb. 26, 2004, no pet.) (mem. op.). Since that time, its condition remained constant. *Id.* The plaintiffs, in that case, urged that after January 1, 1970, the county failed to adequately mark the road, protect it by guardrail, and post sufficient warning signs. *Id*. This Court held that the evidence conclusively established that the road was constructed before January 1, 1970 and further determined that decisions regarding highway designs and safety features are discretionary functions for which immunity is not waived. *Id.*

7

Similarly, in *Sanchez v. Matagorda County*, this Court held that the significant design and repair of a bridge after 1970 was a discretionary act for which its sovereign immunity has not been waived. 124 S.W.3d 350, 353 (Tex. App.–Corpus Christi 2003, no pet.). Additionally, a decision not to install guard rails, replace the bridge or post warning signs are discretionary functions. *French*, 929 S.W.2d at 617; *Barron v. Tex. Dep't of Transp*., 880 S.W.2d 300, 302 (Tex. App.–Waco 1994, writ denied). The argument that the configuration of the bridge is a special defect is not dispositive because the bridge was built and has existed substantially in the same condition since before 1970. We see no real distinction between the previous holdings of this Court and other Courts from the arguments Rodriguez made here. The County established that the bridge in question existed since before 1970 without substantial change. As a result, the County is immune and there has been no waiver for the discretionary functions asserted.

Rodriguez claims that under common law, the County was exercising its proprietary functions. Under common law , municipalities were immune from liability as agents of the state. *Lawrence v. City of Wichita Falls*, 906 S.W.2d 113, 115 (Tex. App.–Fort Worth 1995, writ denied). The judiciary created exceptions where it classified the function at issue as proprietary. *Id*. Governmental units, such as irrigation districts, performed governmental functions exclusively and could not be liable in tort. *Id*. Because the County and irrigation district did not perform proprietary functions at common law, this claim also fails. Appellants' issues are overruled.

8

## V.  Conclusion

The judgment of the trial court is affirmed.


                                        ROSE VELA
                                        Justice


Memorandum Opinion delivered and
filed this 8th day of January, 2009.